FILED
12/9/2025 10:25 AM
Gloria A. Martinez
Bexar County District Clerk
Accepted By: Rosa Lynn Aguilera-Rodriguez
Bexar County - 166th District Court

CAUSE NO. **2025CI28535**

| | | |
|---|---|---|
| SHANNA DELACRUZ, *Plaintiff,* | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§ | ____ JUDICIAL DISTRICT |
| CITY OF SAN ANTONIO, *Defendant.* | §<br>§<br>§ | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION and JURY DEMAND

### TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES**, SHANNA DELACRUZ, hereinafter referred to as Plaintiff or "Delacruz", complaining of and about CITY OF SAN ANTONIO, hereinafter referred to as Defendant or "City", and for cause of action will show unto the Court as follows:

### I.
### PARTIES AND SERVICE

1.      Plaintiff, Delacruz, is a citizen of the United States, the State of Texas and resides in San Antonio, Texas.

2.      Defendant, City, is a Political Subdivision of the State of Texas. This Defendant may be served with process by delivering a copy of Plaintiff's Original Petition to the City Clerk, Debbie Racca-Sittre, at the Office of the City Clerk, City Tower 100 W. Houston St., Concourse, San Antonio, TX 78205 or where ever Debbie Racca-Sittre and the City may be found.

### II.
### JURISDICTION AND VENUE

3.      This Court has jurisdiction of this action, as this case arises under the Texas Labor Code (TCHRA) and Title VII of the Civil Rights Act of 1964, and damages are within the jurisdiction of this court and will continue to increase as this case proceeds to trial. Moreover, venue is proper in Bexar County, Texas, pursuant to the Texas Civil Practice and Remedies Code §15.002, as all or a substantial part of the events or omissions giving rise to this claim occurred in this county.

**EXHIBIT A**

### III.
### NATURE OF ACTION

4.  This is an action brought pursuant to Ch. 21 of the Texas Labor Code and Title VII of the Civil Rights Act of 1964, to correct and recover for Defendant's unlawful employment practices on the basis of Plaintiff's sex, sexual harassment and Defendant's retaliation against Plaintiff's participation in a protected activity and for opposing sex discrimination and sexual harassment.

### IV.
### CONDITIONS PRECEDENT

5.  All conditions precedent to jurisdiction have occurred with regard to exhaustion of administrative remedies provided under the relevant statutory administrative scheme.

### V.
### FACTS

6.  Plaintiff worked for the City for 6 years in Animal Care Services (ACS) before she was wrongfully terminated. At all times, Delacruz served the City as a capable and competent member of the Dangerous Dog Investigations Team and as a Supervisor of the Field Investigations Team. As a supervisor, Delacruz worked with a male employee named Layne Bower, a Dangerous Dog Investigator. Plaintiff found it necessary to discipline Bower and ultimately his employment with the City was terminated. Bower complained to upper management at the City about Delacruz and the complaints leveled by Bower were false allegations against Plaintiff. In March 2024, Scott Russell, a City EEO Administrator (Equal Employment Administrator), conducted an investigation against Plaintiff and other supervisors at ACS. Bower was terminated that same month and he vowed to take Plaintiff down with him. Delacruz is female and a member of a protected class of employees for the City. The investigation conducted by Russell was hostile and discriminatory against Plaintiff. Delacruz was subjected to an interview by Russell that was over 3

**EXHIBIT A**

hours late in starting and lasted another 3 hours when it began. During the interview, Russell's phone was on the table in clear view of Delacruz and kept showing an unprofessional image of his girlfriend. Plaintiff learned during the interview for the first time that she was the subject of an investigation. Russell and Renee Frieda (Director of Human Resources for the City) accumulated a list of allegations upon which Russell's claims against Plaintiff were based and the most noteworthy characteristic of these allegations was the fact that male employees of the City engaged in this conduct without any consequence. Plaintiff will show that male employees engaged in conduct far worse than any alleged against Delacruz and are still employees of the City.

7. In April of 2024, Plaintiff was placed on administrative leave with no reason assigned. A week later, Renee Frieda, Director of HR, fired Delacruz for the stated reason of engaging in inappropriate behavior at work. Included in the notice of termination was the allegation that Plaintiff had engaged in a romantic relationship at work. However, the male employee who was alleged to have participated in this romantic relationship was not fired. Jose Olivares remains an employee of the City to this day. Even more outrageous, Robert Lopez, a co-worker of Plaintiff, admitted to sleeping with a subordinate employee and was given a short suspension. Plaintiff did not have a romantic affair with a fellow supervisor, no evidence was presented that such an affair was engaged in and she was fired.

8. Delacruz pursued a City Civil Service Commission appeal of her termination in which she prevailed. However, on September 4, 2024, the City Manager, Erik Walsh, overturned the Commission's decision and made Plaintiff's termination final.

9. Plaintiff was also alleged to have been terminated because she flipped off a co-worker during a training exercise. Delacruz was simply role playing a disgruntled employee and what she did was part of the behavior a mad and

disgruntled employee would portray. The Director of Animal Care Services at the time, Shannon Sims, (a male) flipped off (shot the bird) at as many as 40 ACS employees without consequence.

10. Plaintiff has opposed the differential treatment afforded male employees at the City. Delacruz reported the preferential treatment that male employees had received. These similarly situated male employees were treated more favorably than Plaintiff, a member of the female protected class. Delacruz was clearly in a protected class and qualified to do the job of a Supervisor in ACS. Surely, the adverse treatment that Plaintiff received for opposing gender discrimination would dissuade a reasonable employee at ACS from engaging in protected activity.

## VI
## SEX DISCRIMINATION
## UNDER THE TEXAS LABOR CODE

11. Plaintiff incorporates by reference the allegations contained in paragraphs 1-10 as if fully rewritten herein.

12. Defendant intentionally engaged in unlawful employment practices against Plaintiff on the basis of her sex and permitted sexual harassment by Russell, in violation of Section 21.051 et seq., of the Texas Labor Code and Title VII of the Civil Rights Act of 1964.

13. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive her of an employment opportunity or adversely affect her status because of Plaintiff's sex and the sexual harassment in violation of Section 21.051 et seq., of the Texas Labor Code and Title VII of the Civil Rights Act of 1964.

## VII.
## RETALIATION UNDER § 21.055 OF THE TEXAS LABOR CODE AND TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

14. Plaintiff incorporates by reference the allegations contained in paragraphs 1-13 as if fully rewritten herein.

15. Defendant retaliated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive her of an employment opportunity or adversely affect her status because of Plaintiff's protected complaints in violation of Section 21.055 et seq. of the Texas Labor Code and Title VII of the Civil Rights Act of 1964. Said retaliation was exemplified by the false accusations of Layne Bower and the harassment of Scott Russell and Renee Frieda used to justify the retaliatory discharge of Delacruz.

## VIII.
## DAMAGES

16. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

   a) Compensatory damages (including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-economic damages) allowed under the Texas Labor Code and Title VII of the Civil Rights Act of 1964.

   b) Economic damages in the form of lost back pay and lost fringe benefits in the past. Economic damages, in the form of lost wages and fringe benefits that will, in reasonable probability, be sustained in the future.

   c) Attorney's fees pursuant to the Texas Labor Code and Title VII of the Civil Rights Act of 1964.

17. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff hereby seeks monetary relief over $250,000.00 but not more than $1,000,000.00 including

costs, expenses, pre- and post-judgment interests, and attorney's fees. Plaintiff further requests that the non-expedited rules apply in this case.

## IX.
## JURY DEMAND

18.     Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## X.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Shanna Delacruz, respectfully prays that Defendant, the City, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court, together with interest as allowed by law, costs of court, and such other and further relief to which the Plaintiff may be justly entitled at law or in equity.

Respectfully submitted,

/s/ *Dennis L. Richard*____
Dennis L. Richard
SBN:  16842600
**LAW OFFICE OF DENNIS L. RICHARD**
14255 Blanco Road
San Antonio, TX 78216
Telephone:  (210) 308-6600
Telecopier:  (210) 308-6939
dennislrichardlaw@gmail.com

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 108877152
Filing Code Description: Petition
Filing Description:
Status as of 12/9/2025 10:33 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Maribel Susil | | maribel.legal@outlook.com | 12/9/2025 10:25:58 AM | SENT |
| Dennis L. Richard | | dennislrichardlaw@gmail.com | 12/9/2025 10:25:58 AM | SENT |

**EXHIBIT A**



CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, GLORIA A. MARTINEZ, BEXAR COUNTY DISTRICT
CLERK, DO HEREBY CERTIFY THAT THE
FOREGOING IS A TRUE AND CORRECT COPY OF
THE ORIGINAL RECORD NOW IN MY LAWFUL
CUSTODY. WITNESS MY OFFICIAL HAND AND SEAL
OF OFFICE ON THIS:

*January 21, 2026*

GLORIA A. MARTINEZ,
BEXAR COUNTY, TEXAS

By: _____

JODIE JOHNSON, Deputy District Clerk
*(NOT VALID WITHOUT THE CLERKS'S ORIGINAL SIGNATURE.)*

**EXHIBIT A**