**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **SHANNA DELACRUZ**<br>***Plaintiff,*** | § | |
| | § | |
| | § | |
| | § | **CIVIL ACTION NO. 5:26-CV-00382** |
| ***v.*** | § | |
| | § | |
| **CITY OF SAN ANTONIO** | § | |
| ***Defendant.*** | § | |

**DEFENDANT CITY OF SAN ANTONIO'S ORIGINAL ANSWER**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES, Defendant, City of San Antonio, (hereinafter referred to as, "Defendant City" or "The City"), and files this Original Answer to Plaintiff's *Original Petition* following the removal from the 166th Judicial District Court in Bexar County Texas, and in support thereof would show the Court as follows:

1. Pursuant to Federal Rule of Civil Procedure 8(b), Defendant City denies each and every allegation contained in Plaintiff's *Complaint* except those expressly admitted herein and demands strict proof thereof by a preponderance of the credible evidence.

2. Defendant City cannot admit or deny the averments contained in Paragraph 1 of Plaintiff's *Original Petition*. Therefore, are denied at this time.

3. Defendant City admits the averments contained in Paragraph 2 of Plaintiff's *Original Petition*.

4. Defendant City denies the averments stated in Paragraph 3 of Plaintiff's *Original Petition*. Defendant City contends this Court has jurisdiction because the lawsuit involves a federal question under 28 U.S.C. §1331 and §1443. Defendant City asserts venue is proper in the United States District Court, Western District of Texas, San Antonio Division, as the district and division embracing the place where the state action is pending. *See* 28 U.S.C. §1441(a) and 1446(a).

5. Paragraph 4 of Plaintiff's *Original Petition* identifies the claims under which Plaintiff filed suit and does not require an admission or denial by Defendant City. To the extent Plaintiffs allege Defendant City is liable for any of the claims listed in Paragraph 4 of Plaintiff's *Original Petition* or owes Plaintiffs any relief, Defendant City denies.

6. Defendant City is unable to admit or deny, at this time, the averments contained in Paragraph 5 of Plaintiff's *Original Petition*. Therefore, are denied at this time.

7. In relation to Paragraph 6 Plaintiff's *Original Petition*, Defendant City admits that Plaintiff was employed with the City of San Antonio, that she worked with a male employee named Layne Bower, that Layne Bower made a complaint against Plaintiff, and that Scott Russell conducted an internal EEO investigation into the complaint. The remaining averments in Paragraph 6 of Plaintiff's *Original Petition* are denied.

8. In relation to Paragraph 7 of Plaintiff's *Original Petition*, Defendant City admits that Plaintiff was placed on administrative leave and that she was terminated for engaging in inappropriate workplace behavior. Defendant City admits that the Notice of Proposed Termination did include an allegation that Plaintiff engaged in a romantic relationship with a coworker, but Defendant City would add that the allegation was removed and was not a basis for

her termination. Defendant City denies the remaining averments contained in Paragraph 7 of Plaintiff's *Original Petition.*

9. In relation to Paragraph 8 of Plaintiff's *Original Petition*, Defendant City admits that Plaintiff appealed her termination to the Civil Service Commission. Defendant City denies that Plaintiff "prevailed" but admits that the Commission recommended reducing the termination to a demotion to a non-supervisory position. Defendant City admits that on September 4, 2024, City Manager Erik Walsh elected to uphold the termination.

10. In relation to Paragraph 9 of Plaintiff's *Original Petition*, Defendant City admits that Plaintiff was terminated, in part, for flipping off a co-worker during training. Defendant City is without sufficient information to admit or deny the remaining averments contained in Paragraph 9 of Plaintiff's *Original Petition*, therefore, they are denied.

11. Defendant City admits that Plaintiff, as a female, is a member of a protected class as alleged in Paragraph 10 of Plaintiff's *Original Petition.* Defendant City is without sufficient information to admit or deny the remaining averments contained in Paragraph 10 of Plaintiff's *Original Petition*, therefore, they are denied.

12. Defendant City denies any and all liability or damage claims asserted by Plaintiff in Section V "Facts" of her *Original Petition.*

13. Defendant City denies the averments contained in Paragraphs 11-13 of Plaintiff's *Original Petition*. Defendant City denies any and all liability or damage claims asserted by Plaintiff in Section VI "Sex Discrimination" of her *Original Petition.*

14. Defendant City denies the averments contained in Paragraphs 14-15 of Plaintiff's *Original Petition*. Defendant City denies any and all liability or damage claims asserted by Plaintiff in Section VII "Retaliation" of her *Original Petition.*

15. In relation to Paragraph 16 of Plaintiff's *Original Petition*, Defendant City denies Plaintiff is entitled to any damages, economic damages or compensatory damages as requested in subparagraphs a-b. Defendant City denies Plaintiff is entitled to attorney fees as requested in subparagraph c.

16. In relation to Paragraph 17, Defendant City denies that Plaintiff is entitled to damages, costs, expenses, attorney fees, pre-judgment interest, post-judgment interest or any other relief sought. Defendant City further pleads all limitations, bars and caps on damages that may apply in law or equity.

17. Paragraph 18 of Plaintiff's *Original Petition* does not require Defendant City to Admit or Deny. However, Defendant City similarly makes a jury demand.

**DEFENDANT CITY'S AFFIRMATIVE DEFENSES**

18. Defendant City specifically asserts that it is a home-rule municipality pursuant to its City Charter and the laws of the State of Texas and is therefore entitled to all the rights and privileges associated with its status as a governmental entity. Defendant City asserts the defense of governmental immunity.

19. Defendant City asserts the defense of statute of limitations and failure to exhaust administrative remedies.

20. Defendant City asserts the affirmative defense that Plaintiff is barred, in whole or in part, because all of the actions (or inaction) taken complied with all relevant and applicable laws and based on legitimate, non-discriminatory, non-retaliatory reasons regardless of claimed protected characteristic asserted by Plaintiff.

21. Defendant City asserts the affirmative defense Plaintiff is barred, in whole or in part, because all of the actions (or inaction) taken complied with all relevant and applicable laws and

based on legitimate, non-discriminatory, non-retaliatory reasons regardless of any protected activity Plaintiff may have engaged in.

22. Defendant City affirmatively asserts it is entitled to the same actor inference.

23. Defendant City affirmatively asserts the defenses under 42 U.S.C. §1981a(a)(3).

24. Defendant City asserts any and all caps on damages whether by statue or common law, including those set forth under 42 U.S.C. §1981a(a)-(b).

25. Defendant City asserts any and all caps on damages under Title VII, TCHRA, or the Texas Labor Code.

26. By way of affirmative defense, Defendant City further pleads all limitations and caps on damages that may apply in law or equity

27. Defendant City asserts Plaintiff's claims are barred, in whole or part, by Plaintiff's failure to mitigate damages, if any, as required by law.

28. Defendant City asserts Plaintiff's claims are barred by the doctrines of waiver, laches, and/or estoppel.

29. Defendant City asserts that any averment, statements, or allegation made in Plaintiff's *Original Petition* that is not specifically admitted to is hereby denied by Defendant City.

**PRAYER**

WHEREFORE PREMISES CONSIDERED Defendant City prays that Plaintiff Shanna Delacruz take nothing in her suit and that Defendant City be granted attorney fees and costs of suit and for all other further relief it may be entitled to whether in law or equity.

Respectfully Submitted,

CITY OF SAN ANTONIO
Andrew Segovia

City Attorney
SBN: 24103187
Office of the City Attorney
Litigation Division
International Center
203 S. St. Mary's St., 2nd Floor
San Antonio, Texas 78205

*/s/ Rosa K. Phifer*
Rosa K. Phifer
Assistant City Attorney
Bar No: 24074890
(210) 207-8918/ (210) 207-4357 Fax
Rosa.Phifer@sanantonio.gov
*ATTORNEY FOR DEFENDANT*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system that will send notification of such filing to the following on January 26, 2026:

Dennis Richard
Law Officer of Dennis L. Richard
14255 Blanco Road
San Antonio, Texas 78216
dennislrichardlaw@gmail.com
*Attorney for Plaintiff*

☒ Electronic Mail @ dennislrichardlaw@gmail.com

*/s/ Rosa K. Phifer*
ROSA K. PHIFER